[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10628
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cv-02819-CEH-EAJ


CARLOS RAMIREZ,
JASMAINE RODRIGUEZ RAMIREZ,

Plaintiffs -  Appellees,

versus

GRADY JUDD,
Sheriff of Polk County, in his official capacity,
WARNER ANTHONY BURGESS,
in his individual capacity,

Defendants – Appellants,

PAUL ALLEN MCLEOD,
in individual capacity,

Defendant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 28, 2015)

Before TJOFLAT, JORDAN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

This appeal stems from a citizen-police encounter. Defendant Burgess, an officer in the Polk County, Florida, Sheriff's Office, contends that the District Court erred in denying him qualified immunity as to plaintiff Carlos Ramirez's claim, brought under 42 U.S.C. § 1983, that Burgess used excessive force in violation of the Fourth Amendment[1] in arresting him on the night of July 28, 2010. We disagree. Taking the evidence in the record in the light most favorable to Ramirez, we conclude that a reasonable jury could find that Burgess used excessive force as Ramirez contends.

AFFIRMED.[2]

---

[1] The Fourth Amendment right against "unreasonable searches and seizures" is applicable to the States and local governments. *See Mapp v. Ohio,* 367 U.S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081 (1961).

[2] Defendant Judd asks us to exercise pendant appellate jurisdiction and reverse the District Court's denial of his motion for summary judgment on Ramirez's state tort law claims of assault and battery. We decline his request.